IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TERENCE ANDERSON<br>2710 Yorkway, Apt. C<br>Dundalk, MD 21222, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | CIVIL ACTION NO. |
| WILLIAM BEEMAN | * | **Jury Trial Demanded** |
| North Branch Correctional Institution<br>14100 McMullen Highway, S.W.<br>Cumberland, MD 21502 | * | |
| | * | |
| and | | |
| | * | |
| HOLLY L. HOOVER<br>Mountain View Primary Care | * | |
| 1602 Ford Avenue<br>Cumberland, MD 21502 | * | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **COMPLAINT**

Terence (aka Terance) Anderson ("Plaintiff" or "Mr. Anderson") hereby files this

Complaint against the defendants William Beeman, RN ("Beeman" or "Nurse Beeman") and

Holly L. Hoover, CRNP ("Hoover" or "Nurse Practitioner Hoover"). The grounds for Plaintiff's

Complaint are as follows:

### **Parties**

1. Plaintiff is an adult citizen of the United States and the State of Maryland.

2. At all times relevant to this Complaint, Plaintiff was in the custody of the

Division of Correction ("DOC") of the Maryland Department of Public Safety and Correctional

Services ("DPSCS") and was an inmate in the North Branch Correctional Institution ("NBCI") in

Cumberland, Maryland.  He was released from DPSCS custody in May 2022 and now resides in Baltimore County.

3.      At all times relevant to this Complaint, Defendant Beeman was a registered nurse employed by Corizon Health, Inc. ("Corizon") and was working as a nurse at NBCI as Assistant Director of Nurses with responsibility for scheduling inmate medical appointments, including for sick call, doctor visits, and chronic care.  On November 29, 2019, he was on duty and responsible for attending to healthcare needs of inmates in Housing Unit #1 of NBCI, and was acting under color of state law.

4.      At all times relevant to this Complaint, Defendant Hoover was a certified registered nurse practitioner employed by Corizon Health, Inc. and was working as a CRNP at NBCI, and acting under color of state law.  Nurse Practitioner Hoover had the duty and authority to see to the health care needs of inmates at NBCI, including but not limited to prescribing medications, radiographic imaging and laboratory tests, and scheduling, obtaining approvals for, implementing, and facilitating necessary consultations and surgeries with specialists inside and outside the facility for acute and chronic conditions and diseases.

### Jurisdiction

5.      This action is brought under 42 U.S.C. § 1983 for Defendants' violation of Plaintiff's civil rights under the United States Constitution, including rights under the Eighth and Fourteenth Amendments against cruel and unusual punishment. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction).

### Prior Litigation

6.      The claims against Defendants asserted in this action were previously the subject of a civil action in this court entitled *Anderson v. Thomas, et al.,* Civil Action No. BAH-21-683.

71701327-v1

Those claims were supposed to have been resolved by a settlement agreement, but any releases of Defendants under that agreement were conditioned upon fulfilment of certain obligations to Plaintiff.  Those obligations under that settlement agreement have not been fulfilled and the principal obligor under the settlement agreement—who is not a defendant in this action--has recently gone into bankruptcy.  Accordingly, by the time this complaint has been served on Defendants, any releases of Defendants have been voided and rendered unenforceable and Plaintiff's right to prosecute his claims against Defendants, and each of them, has been fully restored and revived.

**Facts**

7.      At all times relevant to this Complaint, William Thomas ("Thomas") was an employee of the DOC or the DPSCS and working as a supervisory correctional officer, and acting under color of state law.  On November 29, 2019, he had the rank of Sergeant, and was working the 7 am to 3 pm shift in Housing Unit #1 of NBCI.

8.      At all times relevant to this Complaint, Corey Dolly ("Dolly") was an employee of the DOC or the DPSCS and working as a correctional officer, and acting under color of state law.  On November 29, 2019, he had the rank of Correctional Officer II, or COII, and was working the 7 am to 3 pm shift in Housing Unit #1 of NBCI.

9.      At all times relevant to this Complaint, Jason Frantz ("Frantz") was an employee of the DOC or the DPSCS and working as a correctional officer, and acting under color of state law.  On November 29, 2019, he had the rank of Correctional Officer II, or COII, and was working the 7 am to 3 pm shift in Housing Unit #1 of NBCI.

10.     On November 29, 2019, Plaintiff was escorted to the medical room of Housing Unit #1 of NBCI by Sgt. Thomas and Officers Dolly and Frantz for evaluation by Nurse Beeman

3

71701327-v1

after he had been pepper-sprayed in the face by Officer Frantz for holding open the "feed up" slot of his cell door.  When he came into the medical room Plaintiff's hands were handcuffed behind his back and he was suffering from the unrelieved effects of the pepper spray.

11.     In NBCI, cameras are mounted at various locations in the facility to monitor and record events or conditions.  On November 29, 2019, there were surveillance cameras posted at various locations in Housing Unit #1 such that the pepper-spraying of Plaintiff by Officer Frantz and the extraction of Plaintiff from his cell by Sgt. Thomas and Officer Frantz, and the escort of Plaintiff from his cell to the medical room by Thomas, Frantz, and Dolly were recorded on video.  There were no cameras inside the medical room of NBCI's Housing Unit #1.

12.     Once in the medical room, Sgt. Thomas and Officers Frantz and Dolly collectively held Plaintiff down and beat him savagely because, as they later claimed, he was spitting and acting belligerently.  This use of force against Plaintiff by Thomas, Frantz and Dolly was excessive, and constituted cruel and unusual punishment in violation of Plaintiff's rights under the Eighth and Fourteenth Amendments of the United States Constitution.

13.     The beating was so severe that, among other things, it crushed the right side of Plaintiff's face around the zygoma, commonly known as the cheek bone, which is attached to the skull at multiple locations.  Virtually every location where Mr. Anderson's right-side zygoma was attached to his skull was fractured.

14.     Defendant Beeman witnessed this vicious beating but did nothing to intervene or otherwise protect his patient from the violent assault of the correctional officers.  He did not report the beating to his employer or correctional officials, despite having an obligation to do so.  To the contrary, Nurse Beeman helped to cover up what Thomas, Frantz and Dolly did to Plaintiff.  Among other things, Defendant Beeman lied about the events that led up to the beating

4

of Plaintiff and the events of the assault itself, made false and misleading entries in Plaintiff's medical records, falsely claimed that Plaintiff refused medical treatment, and otherwise concealed and cleaned up evidence of Plaintiff's injuries.

15.     Defendant Beeman ignored Plaintiff's obvious serious injuries and failed to provide him with necessary medical care.

16.     Two days after the events in the medical room, Defendant Hoover sent Plaintiff to an outside facility, Western Regional Medical Center (WRMC), for evaluation of a different issue.  The healthcare provider who saw Plaintiff at WRMC observed his facial injuries and ordered a CT scan, which showed a displaced right zygomaticomaxillary complex fracture.  The WRMC HCP noted the need for follow-up treatment and possibly surgery at an outside facility. Such a need for follow-up was charted in the outside facility's medical records, and those records were sent to NBCI, where they were made available to and reviewed by Nurse Beeman and Nurse Practitioner Hoover.  Defendant Beeman told Nurse Practitioner Hoover about the beating he had witnessed in the medical room.

17.     Defendants Beeman and Hoover thus knew that as a result of what Thomas, Dolly, and Frantz did to him, Plaintiff was suffering from a displaced zygoma fracture that needed follow-up care, but neither of them did anything to schedule or set that follow-up treatment in motion.  To the contrary, they each ignored his multiple pleas for treatment of his facial fractures.

18.     Neither Nurse Beeman nor Nurse Practitioner Hoover brought the documented evidence of this major injury, or the need for follow-up surgical evaluation and treatment recommended by the outside facility, to the attention of their supervisors or prison administrators.  The extent of Plaintiff's injuries was never properly documented in the medical

records by Nurse Beeman or Nurse Practitioner Hoover, and the records Defendant Hoover received from WRMC were suppressed and never incorporated into Plaintiff's electronic medical records.  Defendants Beeman and Hoover had a duty to report the use of force against Plaintiff in the medical room to their employer or prison administrators, but they never did so.

19.    Because Plaintiff was never sent out for treatment of his broken face, his fractured facial bones healed over in their displaced position, which disfigured Plaintiff. Today the only thing holding his right eye in position is his displaced cheek bone.  His right eye socket was shattered, never repaired, and is effectively gone forever.  Testing and evaluation have determined that he suffers from traumatic brain injury.  Additional ongoing problems include impairment of his vision, pain, light sensitivity, frequent headaches, difficulty chewing, malocclusion of the jaw, and facial numbness.

20.    Plaintiff needs surgery to try to repair the damage done to his face, and the failure of Defendants to obtain timely and adequate treatment for Plaintiff has made any treatment he receives today riskier, with a worse chance of chance of success than he would have had if Defendants had done what they were supposed to do when they first were aware of Plaintiff's injuries.

### <u>Count One (Defendants Beeman and Hoover)</u>

21.    Plaintiff restates and incorporates by reference in this Count One the allegations contained in paragraphs 1 through 20, hereinabove, as if fully set forth herein.

22.    Plaintiff had a constitutional right to adequate medical care while he was incarcerated.  Defendants Nurse Beeman and Nurse Practitioner Hoover, acting under color of state law, were obligated to provide such care.

71701327-v1

23.     It was obvious to Nurse Beeman and Nurse Practitioner Hoover that Plaintiff was seriously injured and required medical treatment as a result of the beating by Thomas, Dolly, and Frantz.  Nurse Beeman and Nurse Practitioner Hoover knew that failing to treat Plaintiff for the injuries he sustained at the hands of Thomas, Dolly, and Frantz in the medical room would cause him unnecessary and lasting pain and disfigurement.

24.     Defendants were deliberately indifferent to Plaintiff's need for medical treatment for what was obviously a serious medical condition.  This violated Plaintiff's rights against cruel and unusual punishment protected by the Eighth and Fourteenth Amendments to the United States Constitution.

25.     Defendants ignored Plaintiff's medical needs because they harbored ill will and malice toward Plaintiff; because they sided with the correctional officers who were directly responsible for Plaintiff's injuries; because they believed that Plaintiff deserved what happened to him; or because they believed that his injuries were his own fault.

26.     Defendants' use of excessive force caused long-lasting harm that still affects Plaintiff and will require extensive and expensive medical intervention to repair.  Plaintiff's ongoing symptoms from the beating include, among other things, brain injury, frequent and debilitating headaches, pain in the eye and on the right side of his face, impaired vision, difficulty chewing on his right side, and other problems as described above.

27.     In depriving Plaintiff of his constitutional rights to adequate medical care, Nurse Beeman and Nurse Practitioner Hoover acted intentionally, deliberately, and with malice toward Plaintiff.

28.     Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff as a result of their deliberate indifference to his need for medical care.

71701327-v1

29.     Plaintiff is entitled to recover damages to compensate him for his past and future pain, suffering, and economic loss (including medical expenses and lost income).  Plaintiff is entitled to recover his legal fees and expenses.  He is also entitled to an award of punitive damages for the deliberate and malicious conduct of Defendants.

WHEREFORE, for the injuries he sustained in the medical room on November 29, 2019, and as a consequence of the Defendants' deliberate indifference to Plaintiff's need for treatment of those injuries, Plaintiff demands judgment against Defendants, and each of them, as follows:

a.     Compensatory damages in the amount of $750,000 or such other greater or lesser amount as is found by a judge or jury adequate to compensate Plaintiff for past and future physical and mental pain and suffering, medical expenses, lost income, and other damages to be proven at trial.

b.     Punitive or exemplary damages in the amount of $1,500,000 or such other amount as is found by a judge or jury to be sufficient to punish Defendants, and each of them, for their intentional and malicious conduct in violation of Plaintiff's constitutional rights, and to deter such conduct in the future.

c.     Attorney fees and legal expenses in an amount to be determined.

d.     Such other and further relief as may be required to remedy the wrongs complained of herein.

### Count Two (Defendant Beeman)

30.     Plaintiff restates and incorporates by reference in this Count Two the allegations contained in paragraphs 1 through 29, hereinabove, as if fully set forth herein.

71701327-v1

31.     The use of force against Plaintiff by Thomas, Dolly, and Frantz on November 29, 2019, was excessive, and violated Plaintiff's civil rights under 42 U.S.C § 1983 and rights under the United States Constitution against cruel and unusual punishment.

32.     The correctional officers' use of force on Plaintiff took place in Defendant Beeman's physical presence and in his own medical room.  Defendant Beeman knew or had reason to know that the use of force by Thomas, Dolly, and Frantz was excessive and unlawful, and violated Plaintiff's rights.

33.     Defendant Beeman had a duty to intervene on behalf of Plaintiff, who was his patient, to protect him from the wrongful conduct of Thomas, Dolly, and Frantz.  He consciously and deliberately failed to intervene even though he had a realistic opportunity to intervene and his intervention would or could have prevented or reduced the injuries to Plaintiff.

34.     Defendant Beeman had a duty to report the use of force on Plaintiff by the correctional officers to his employer or to prison administrators.  He consciously and deliberately failed to report it.

35.     Defendant Beeman tried to conceal and cover up what the correctional officers had done to Plaintiff by, among other things:  lying about the events that led to the assault on Plaintiff by the correctional officers; lying about the events of the assault; making false and misleading entries in Plaintiff's medical records; falsely claiming that Plaintiff refused medical treatment; concealing and cleaning up evidence of Plaintiff's injuries; ignoring Plaintiff's repeated requests for treatment of his facial fractures.

36.     By his actions, Defendant Beeman failed to fulfill his obligations to Plaintiff, and thereby became integrally involved in the unlawful violence and force that the correctional officers inflicted on Plaintiff.

37.     By his actions, Defendant Beeman aided and abetted the wrongful conduct of the correctional officers.

38.     Defendant Beeman is liable for the correctional defendants' use of excessive force on Plaintiff on November 29, 2019.

39.     In his failure to intervene in the beating to protect his patient, his failure to report the events in the medical room, his efforts to conceal or cover-up the wrongdoing of the correctional officers, and his failure to provide medical care to Plaintiff, Defendant Beeman acted intentionally, deliberately, and with malice toward Plaintiff.

40.     Plaintiff is entitled to recover damages to compensate him for his past and future pain, suffering, and economic loss (including medical expenses and lost income).  Plaintiff is entitled to recover his legal fees and expenses.  He is also entitled to an award of punitive damages for the deliberate and malicious conduct of Defendant Beeman.

WHEREFORE, for the injuries he sustained in the medical room on November 29, 2019, and as a consequence of the Defendant Beeman's failure to intervene to protect Plaintiff, failure to report the correctional officers' wrongful conduct, efforts to conceal or cover up the correctional officers' wrongful conduct, and aiding and abetting the correctional officers' wrongful conduct and becoming himself integrally involved in that conduct, Plaintiff demands judgment against Defendant Beeman, as follows:

a.     Compensatory damages in the amount of $750,000 or such other greater or lesser amount as is found by a judge or jury adequate to compensate Plaintiff for past and future physical and mental pain and suffering, medical expenses, lost income, and other damages to be proven at trial.

10

71701327-v1

b.      Punitive or exemplary damages in the amount of $1,500,000 or such other amount as is found by a judge or jury to be sufficient to punish Defendant Beeman, and each of them, for his intentional and malicious conduct in violation of Plaintiff's constitutional rights, and to deter such conduct in the future.

c.      Attorney fees and legal expenses in an amount to be determined.

d.      Such other and further relief as may be required to remedy the wrongs complained of herein.

### Jury Demand

Plaintiff hereby demands a trial by jury.

Dated:  June 2, 2026

/s/ John A. McCauley
John A. McCauley (Bar No. 05031)
Law Office of John A. McCauley
219 Edgevale Road
Baltimore, MD 21210
johnarthurmccauley@gmail.com
Telephone: (410) 409-5979

/s/ Christina L. Gaarder
Christina L. Gaarder (Bar No. 24189)
Venable LLP
750 E. Pratt Street, Suite 900
Baltimore, MD 21202
clgaarder@venable.com
Telephone:  410-244-7638
Fax: (410) 244-7742

Attorneys for Plaintiff Terence Anderson

11

71701327-v1